THOMAS P. BEKO, ESQ. (#002653)
PAUL M. BERTONE, ESQ. (#004533)
ERICKSON, THORPE & SWAINSTON
99 West Arroyo Street
P.O. Box 3559
Reno, Nevada 89505
Telephone: (775) 786-3930
*Attorneys for Plaintiffs*



```
✓ FILED           ___ RECEIVED
___ ENTERED       ___ SERVED ON
         COUNSEL/PARTIES OF RECORD

         OCT - 6  2010

         CLERK US DISTRICT COURT
            DISTRICT OF NEVADA
BY: _____ DEPUTY
```

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA - RENO DIVISION

PAMELA D. LONGONI, individually and as Guardian Ad Litem for LACEY LONGONI, and JEAN M. GAGNON,

    Plaintiffs,

vs.

GMAC MORTGAGE, LLC., a Delaware Limited Liability Company, EXECUTIVE TRUSTEE SERVICES, LLC., a Delaware Limited Liability Company, ILLEANNA PETERSON, KATHLEEN GOWEN, individuals, DOES 1-10; BLACK AND WHITE CORPORATIONS 1-10, corporations; ABLE & BAKER COMPANIES 1-10, co-partnerships and or limited liability companies,

    Defendants.
_____/

Case No.: 3:10-CV-00297-LRH-(VPC)

## MOTION TO ENLARGE TIME FOR SERVICE UPON INDIVIDUALLY NAMED DEFENDANTS ILLEANNE PETERSON AND KATHLEEN GOWEN

COMES NOW, PAMELA D. LONGONI, individually and as Guardian Ad Litem for LACEY LONGONI, and JEAN M. GAGNON by and through their attorneys of record, ERICKSON, THORPE & SWAINSTON, LTD., and THOMAS P. BEKO, ESQ., and hereby MOVE THIS Court for an Order enlarging the time of service, upon which to serve the individually named defendants, ILLEANNE PETERSON and KATHLEEN GOWEN,

pursuant to FRCP 4(m). The plaintiffs seek this extension because they have not been able to complete service because they do not have current addresses for the defendants. The plaintiffs have sought this information through discovery, however, the existing defendants have yet to respond to that discovery. Additionally, the plaintiffs have sought a waiver of service pursuant to Rule 4, however, the time frame within which to respond to that request has not expired.

## I. INTRODUCTION, STATEMENT OF FACTS AND PROCEDURAL HISTORY

A compliant was filed against the above captioned defendants, including ILLEANNE PETERSON and KATHLEEN GOWEN, within the Second Judicial District Court of the State of Nevada on or about April 28, 2010. According the Complaint, ILLEANNE PETERSON and KATHLEEN GOWEN, were acting within the course and scope of their employment, and/or at the express direction of, or with the authorization and ratification of EXECUTIVE TRUSTEE SERVICES, LLC, and GMAC MORTGAGE LLC, when the events alleged in the Complaint occurred. *(See, Complaint)*. Therefore, pursuant to F.R.C.P. 4(m), such service should have been effected by August 26, 2010 (120 days after the filing of the Complaint which was filed on April 28, 2010). On May 20, 2010, the defendants removed this case to the United States District Court of Nevada *(See, Notice of Removal #1)*.

To date, the plaintiffs have not yet completed service on the defendants ILLEANNE PETERSON and KATHLEEN GOWEN. Through investigation, this office was unable to derive the locations and addresses of these individually defendants. The plaintiffs sought information as to the locations of such individually named defendants in written discovery to the defendants, GMAC MORTGAGE and EXECUTIVE TRUSTEE SERVICES, however, the defendants have not yet responded to that discovery. Moreover, by mail dated July 27, 2010, the plaintiffs have sought a waiver of service pursuant to F.R.C.P. 4(d). The defendants have not yet responded to that request and they have until September 25, 2010, to file an appearance under that statute. That 120-day service period expires on September 25, 2010.

## II. ARGUMENT

F.R.C.P. 4(m) provides that if a defendant is not served within 120 days after the complaint is filed, if a plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. Further, the new subdivision (m) explicitly provides that the court shall allow additional time if there is good cause for the plaintiffs' failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown.

In this case, the plaintiffs simply do not have the information as to the current whereabouts of these defendants. That information would presumably have come from the corporate defendants if they had filed a timely response to the plaintiffs' written discovery. Because they filed motions to extend the time to respond to such discovery rather than responding to it, the plaintiffs will not have that information in time to complete service within the allotted period. Therefore, they seek this extension. The plaintiffs seek an additional period of 60 days after any extension granted to the defendants to respond to the plaintiffs written discovery requests (First Set of Interrogatories and Requests for Production of Documents). This will also allow the plaintiffs to determine whether the defendants will waive service as provided for in Rule 4.

## III. CONCLUSION

Good cause exists to enlarge the time for service of the individually named defendants. Therefore, the Court should extend the service time for a period of 60 days.

DATED this 26th day of August, 2010

ERICKSON, THORPE & SWAINSTON, LTD.
99 West Arroyo Street
P. O. Box 3559
Reno, Nevada 89505

IT IS SO ORDERED

_____
U.S. MAGISTRATE JUDGE
DATED: October 6, 2010

By_____
THOMAS P. BEKO, ESQ.
PAUL M. BERTONE, ESQ.
*Attorney for Plaintiffs*

3

1  THOMAS P. BEKO, ESQ. (#002653)
   PAUL M. BERTONE, ESQ. (#004533)
2  ERICKSON, THORPE & SWAINSTON
   99 West Arroyo Street
3  P.O. Box 3559
   Reno, Nevada 89505
4  Telephone: (775) 786-3930
   *Attorneys for Plaintiffs*
5

6

7

8

                    UNITED STATES DISTRICT COURT
9
                    DISTRICT OF NEVADA - RENO DIVISION
10

11 PAMELA D. LONGONI, individually        Case No.: 3:10-CV-00297-LRH-(VPC)
   and as Guardian Ad Litem for LACEY
12 LONGONI, and JEAN M. GAGNON,

13         Plaintiffs,

14 vs.

15 GMAC MORTGAGE, LLC., a Delaware
   Limited Liability Company, EXECUTIVE
16 TRUSTEE SERVICES, LLC., a Delaware
   Limited Liability Company, ILLEANNA
17 PETERSON, KATHLEEN GOWEN,
   individuals, DOES 1-10; BLACK AND
18 WHITE CORPORATIONS 1-10,
   corporations; ABLE & BAKER
19 COMPANIES 1-10, co-partnerships and
   or limited liability companies,
20
           Defendants.
21                                       /

22     **AFFIDAVIT OF THOMAS P. BEKO, ESQ., IN SUPPORT OF MOTION TO**
23       **ENLARGE TIME FOR SERVICE UPON INDIVIDUALLY NAMED**
24     **DEFENDANTS ILLEANNE PETERSON AND KATHLEEN GOWEN**
25     1. I am over the age of eighteen years, and a resident of the County of Washoe, State
26 of Nevada.
27     2. I am the attorney for plaintiffs and a partner with the Law Offices of Erickson,
28 Thorpe & Swainston, Ltd., 99 West Arroyo Street, Reno, Nevada, licensed to practice law

1 | in the State of Nevada.

2 | 3. A compliant was filed against the above captioned defendants, including ILLEANNE PETERSON and KATHLEEN GOWEN, within the Second Judicial District Court of the State of Nevada on or about April 28, 2010. According the Complaint, ILLEANNE PETERSON and KATHLEEN GOWEN, were acting within the course and scope of their employment, and/or at the express direction of, or with the authorization and ratification of EXECUTIVE TRUSTEE SERVICES, LLC, and GMAC MORTGAGE LLC, when the events alleged in the Complaint occurred.

4. Therefore, pursuant to F.R.C.P. 4(m), such service should have been effected by August 26, 2010 (120 days after the filing of the Complaint which was filed on April 28, 2010. On May 20, 2010, the defendants removed this case to the United States District Court of Nevada (*See, Notice of Removal #1*).

5. To date, the plaintiffs have not yet completed service on the defendants Illeanna Peterson and Kathleen Gowen.

6. Through investigation, this office was unable to derive the locations and addresses of these individually defendants.

7. The plaintiffs sought information as to the locations of such individually named defendants in written discovery to the defendants, GMAC MORTGAGE and EXECUTIVE TRUSTEE SERVICES, however, the defendants have not yet responded to that discovery.

8. By mail dated July 27, 2010, the plaintiffs have sought a waiver of service pursuant to F.R.C.P. 4(d). The defendants have not yet responded to that request and they have until September 25, 2010, to file an appearance under that statute. That 120-day service period expires on September 25, 2010. Good cause exists to enlarge the time for service of the individually named defendants. The statute of limitations on this action expires on August 26, 2010.

///
///
///

2

9. The present address and locations of ILLEANE PETERSON and KATHLEEN GOWEN are unknown.

DATED this 26 day of August, 2010.

_____
THOMAS P. BEKO, ESQ.

SUBSCRIBED and SWORN TO before me this 26th day of August, 2010.

_____
Notary Public

BRITTANY COOPER
Notary Public - State of Nevada
Appointment Recorded in Washoe County
No: 01-71783-2 - Expires September 6, 2013

3

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I certify that I am an employee of ERICKSON, THORPE & SWAINSTON, LTD. and that on this day I personally served a true and correct copy of the attached document by:

- ☐ U.S. Mail
- ☐ Facsimile Transmission
- ☐ Personal Service
- ☐ Messenger Service
- ☒ CM/ECF System

addressed to the following:

David Hill Bahford
Bradley Arant Boult Cummungs LLP
100 N. Tyron Street, Suite 2690
Charlotte, NC 28202
*Attorney for Defendants GMAC Mortgage, LLC,*
*Executive Trustee Services, LLC,*
*Illeanna Peterson and Kathleen Gowen*

DATED this 26th day of August, 2010.

Brittany N. Cooper