UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

PAMELA D. LONGONI; et al.,

    Plaintiffs,

v.

GMAC MORTGAGE, LLC; et al.,

    Defendant.

3:10-CV-0297-LRH-VPC

ORDER

Before the court is defendants GMAC Mortgage, LLC ("GMAC"), Executive Trustee Services, LLC ("ETS"), Illeanna Peterson ("Perterson"), and Kathleen Gowen's ("Gowen") (collectively "defendants") motion to dismiss filed on October 7, 2010. Doc. #40.[1] Plaintiffs Pamela Longoni ("Longoni"), individually and as Guardian Ad Litem for Lacey Longoni, and Jean M. Gagnon ("Gagnon") (collectively "plaintiffs") filed an opposition (Doc. #47) to which defendants replied (Doc. #49).

**I.     Facts and Procedural History**

In September 2005, plaintiffs refinanced real property through a mortgage note and deed of trust executed by non-party Equifirst Corporation ("Equifirst"). In early 2008, plaintiffs defaulted on the loan and contacted defendant GMAC, the loan servicer, to discuss a loan modification.

---

[1] Refers to the court's docketing number.

GMAC employee Jonathan Stephensen ("Stephensen") advised plaintiffs that they were candidates for a loan modification. Plaintiffs submitted the necessary paperwork and were informed by Stephensen that the modification was preliminarily approved and that their modified payments would be $1,600.00 per month. Plaintiffs made all the necessary payments from April to June 2009, at which time Stephensen informed plaintiffs that their loan modification was permanently approved.

In July 2009, plaintiffs' payment was rejected and plaintiffs were told that they would need to submit a new application for a new modification program more beneficial to GMAC. Plaintiffs completed the application and were assured by Stephensen that all foreclosure proceedings were on hold pending GMAC's review of the new application. However, while the modification was being processed, defendant ETS conducted a foreclosure sale of plaintiffs' property on August 24, 2009.

Subsequently, plaintiffs filed the present action against defendants alleging nine causes of action: (1) violation of NRS 107.080 *et seq*.; (2) violation of NRS 205.372; (3) fraud and misrepresentation; (4) negligence; (5) breach of contract; (6) tortious breach of good faith and fair dealing; (7) breach of covenant of quiet enjoyment; (8) intentional infliction of emotional distress; and (9) promissory estoppel. Doc. #32. Thereafter, defendants filed the present motion to dismiss the amended complaint. Doc. #40.

**II.     Legal Standard**

Defendants seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers "'labels and conclusions' or 'a

2

formulaic recitation of the elements of a cause of action'" will not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 1949 (internal quotation marks and citation omitted).

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true. *Id.* However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (brackets in original) (internal quotation marks omitted). The court discounts these allegations because "they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id*.

**III.    Discussion**

In their motion, defendants seek dismissal of defendants Peterson and Gowen for lack of personal jurisdiction. Further, defendants seek dismissal of claim three (3) for fraud and misrepresentation, claim six (6) for tortious breach of good faith and fair dealing, claim seven (7) for breach of covenant of quiet enjoyment, claim eight (8) for intentional infliction of emotional

3

distress, and claim nine (9) for promissory estoppel. Doc. #40.[2] The court shall address each argument below.

**A. Personal Jurisdiction**

Defendants argue that the court lacks personal jurisdiction over defendants Peterson and Gowen because they are residents of California who do not have sufficient minimum contacts with Nevada to warrant the exercise of Nevada's long-arm statute. *See* Doc. #40.

A court may dismiss a complaint for lack of personal jurisdiction over the defendant. FED. R. CIV. P. 12(B)(2). The plaintiff bears the burden of establishing that the court has jurisdiction. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). A plaintiff makes a prima facie showing of personal jurisdiction by introducing competent evidence of essential facts which support jurisdiction. *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995); *see also Trump v. District Court*, 857 P.2d 740, 743 (Nev. 1993).

In order to establish personal jurisdiction, the plaintiff must show that the forum's long-arm statute confers personal jurisdiction over the out-of-state defendants and that the exercise of jurisdiction does not violate federal constitutional principles of due process. *Haisten v. Grass Valley Med. Reimbursement Fund, Ltd.*, 784 F.2d 1392, 1396 (9th Cir. 1986). Nevada's long-arm statute permits the exercise of jurisdiction on any basis consistent with federal due process. NRS § 14.065(1). Federal due process requires that a defendant "have certain minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotations and citations omitted).

The Ninth Circuit uses a three part test for personal jurisdiction: (1) the defendant must purposefully direct his activities to the forum state or purposefully avail himself of the privilege of

---

[2] In their motion, defendants also sought dismissal of plaintiffs' claim for negligence. However, defendants concede in their reply that plaintiffs have sufficiently pled a claim for negligence. *See* Doc. #49.

4

conducting activities in the forum state; (2) the claim arises out of or relates to the defendant's forum related activities; and (3) the exercise of jurisdiction is reasonable. *See Bancroft v. Masters, Inc. v. Augusta National Inc.*, 233 F.3d 1082 (9th Cir. 2000); *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).

### 1. Purposeful Direction

Purposeful direction may be satisfied by the *Calder* effects test. *See Calder v. Jones*, 465 U.S. 783 (1984). To meet the effects test the defendant must have: (1) committed an intentional act; (2) expressly aimed at the forum state; and (3) caused harm that the defendant knew was likely to be suffered in the forum state. *Bancroft*, 223 F.3d at 1087; *see also, Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006). Under the effects test, a defendant does not have to have any physical contact with the forum. *See Schwarzenegger*, 374 F.3d at 803.

Here, construing all allegations in favor of the plaintiff, the court finds that defendants Peterson and Gowen purposefully directed their activities at Nevada by engaging in intentional conduct directed towards the jurisdiction by making intentional false statements and misrepresentations in the recorded documents in order to foreclose on plaintiffs' property. Specifically, Peterson and Gowen attested, under penalty of perjury, that all applicable requirements of the State of Nevada had been met when the notice of default and notice of trustee's sale were signed. Further, the court finds that these actions were expressly aimed at Nevada because defendants knew that the property was located in Nevada and that the signed documents would be recorded here. *See Bancroft*, 223 F.3d at 1087 (foreseeable harm is satisfied when the defendants knows the plaintiff resides in that forum).

### 2. Arising out of Forum Related Activities

The Ninth Circuit applies a "but for" test to determine whether a particular claim arises out of forum-related activities. *Ballard*, 65 F.3d at 1500. Here, but for Peterson and Gowen's

5

misrepresentations in the recorded documents and failure to comply with the requirements of Nevada law, the foreclosure would not have occurred. Accordingly, the court finds that the individual defendants' activities arose out of their forum related activities.

### 3. Reasonableness

In determining the reasonableness of exercising specific jurisdiction, a court considers several factors: (1) the extent of a defendant's purposeful availment; (2) the burden on defendant in appearing in the forum; (3) conflicts between the forum state and defendant's home state; (4) the forum's interest in the dispute; (5) judicial efficiency; (6) the plaintiff's interest in the forum; and (7) the existence of an alternate forum. *See Harris Rutsky & Co. Ins. Services v. Bell & Clements, Ltd.*, 328 F.3d 1122, 1132 (9th Cir. 2003).

Here, the court finds the exercise of specific jurisdiction over defendants Peterson and Gowen is reasonable because: (1) the causes of action arise under Nevada law; (2) Nevada has a strong interest in protecting its citizens against improper foreclosure; (3) the underlying property is located in Nevada; (4) there is little burden on Peterson and Gowen to appear in Nevada from California; and (5) the individual defendants purposefully directed their activities at Nevada. Therefore, defendants' motion to dismiss for lack of personal jurisdiction shall be denied.

### B. Fraud and Misrepresentation

In Nevada, to state a cause of action for fraud, a plaintiff must establish: (1) that the defendant made a false representation of material fact which he knew to be false; (2) that the defendant intended the plaintiff to rely on that statement; (3) that the plaintiff relied on that misrepresentation to his detriment; and (4) damages resulting from the misrepresentation. *Chen v. Nevada State Gaming Control Board*, 994 P.2d 1151, 1152 (Nev. 2000). Further, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake" including the time, place, and content of the misrepresentations as well as the names of the parties involved. FED. R. CIV. P. 9(b); *see also Yourish v. Cal. Amplifier*, 191 F.3d 983, 993

n.10 (9th Cir. 1999); *Parnes v. Gateway 2000*, 122 F.3d 539, 549-50 (8th Cir. 1997) (requiring a plaintiff to allege the requisite who, what, where, when, and how of the misrepresentation).

In their motion, defendants argue that plaintiffs have failed to sufficiently plead a cause of action for fraud because they have failed to allege detrimental reliance on the defendants' alleged statements. Further, defendants argue that plaintiffs' claim for fraud is not sustainable because GMAC never stated that plaintiffs' loan modification had been permanently approved.

However, in their complaint, plaintiffs allege that GMAC employee Stephensen had told them in June 2009, that they had received a permanent loan modification. Further, plaintiffs allege that Stephenson assured them that foreclosure proceedings were on hold and no further action would be taken while the new GMAC requested modification application was pending. Finally, plaintiffs allege that they relied upon these statements to their detriment by making the modified payments for three months and making no preparations to leave their home thereby incurring additional moving costs after the house was sold at the trustee's sale. Accordingly, the court finds that these allegations are sufficient to state a claim for fraudulent misrepresentation.

**C. Tortious Breach of Good Faith and Fair Dealing**

Under Nevada law, "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and execution." *A.C. Shaw Constr. v. Washoe County*, 784 P.2d 9, 9 (Nev. 1989) (quoting Restatement (Second) of Contracts § 205). "[A]n action in tort for breach of the covenant [of good faith and fair dealing] arises . . . when there is a special relationship between the victim and tortfeasor." *Insurance Co. of the West v. Gibson Tile Company, Inc.*, 134 P.3d 698, 702 (Nev. 2006); *see also, Great Am. Ins. Co. v. General Builders, Inc.*, 934 P.2d 257, 263 (Nev. 1997) ("The tort action for breach of the implied covenant of good faith and fair dealing requires a special element of reliance or fiduciary duty.").

Defendants argue that plaintiffs have failed to state a claim upon which relief can be granted because there are no supportable allegations that defendants acted outside of their duties as

7

loan servicers and trustees. Generally, a loan servicer does not owe a borrower a fiduciary duty. *See Yerington Ford, Inc. v. General Motors Acceptance Corp.*, 359 F.Supp.2d 1075, 1092 (D. Nev. 2004). Absent a duty, there can be no breach. *See A.C. Shaw Constr. v. Washoe County*, 784 P.2d 9, 10 (Nev. 1989).

In opposition, plaintiffs argue that a new special relationship was created by the acceptance of the loan modification. However, the court finds that the loan modification is insufficient to establish a fiduciary relationship because the modification was the result of an arms length transaction between the parties. Because plaintiffs have failed to allege sufficient facts to establish that moving defendants acted outside their capacity as loan servicers, plaintiffs' claim for breach of a fiduciary duty fails to state a claim upon which relief can be granted. Accordingly, the court shall grant defendants' motion to dismiss as to this claim.

### D. Breach of Covenant of Quiet Enjoyment

In Nevada, the covenant of quiet enjoyment protects the lessee against the acts or hindrances of the lessor. *See Winchell v. Schiff*, 193 P.3d 946, 952 (Nev. 2008) ("The purpose of the covenant of quiet enjoyment is to secure tenants against the acts or hindrances of landlords."). Defendants are not landlords leasing property to plaintiffs. As such, plaintiffs fail to state a claim upon which relief can be granted.

### E. Intentional Infliction of Emotional Distress

To establish a claim for intentional infliction of emotional distress, a plaintiff must show: (1) extreme or outrageous conduct by defendant; and (2) plaintiff suffered severe emotional distress. *Dillard Dept. Stores, Inc. v. Beckwith*, 989 P.2d 882, 886 (Nev. 1999). Extreme and outrageous conduct is that which is "outside all possible bounds of decency" and is intolerable in civil life. *Maduike v. Agency Rent-A-Car*, 953 P.2d 24, 25 (Nev. 1998).

Defendants argue that there is no extreme and outrageous conduct because plaintiffs signed a contract granting defendants the power to initiate non-judicial foreclosure proceedings and sell

the property at a trustee's sale upon plaintiffs' default. Therefore, defendants argue that plaintiffs' claim for intentional infliction of emotional distress must be dismissed.

However, the court finds that under the facts alleged in the complaint, namely that defendants requested plaintiffs apply for a different loan modification and assured plaintiffs that the foreclosure was on hold during this new application process, plaintiffs have alleged extreme and outrageous conduct sufficient to state a claim for intentional infliction of emotional distress by the subsequent trustee's sale less than a month later. Accordingly, the court shall deny defendants' motion to dismiss as to this claim.

**F. Promissory Estoppel**

In order to state a claim for estoppel, a plaintiff must allege: (1) the defendant was appraised of the true facts; (2) the defendant intended he act based upon the defendant's representations or conduct; (3) he was not aware of the true facts; and (4) he detrimentally relied on defendant's misrepresentation or conduct. *Chanos v. Nevada Tax. Comm'n*, 181 P.3d 675, 679 (Nev. 2008). Further, under the doctrine of promissory estoppel, a promise must be sufficiently clear and unambiguous in its terms for the court to enforce any promised duty. *See Ladas v. California State Automobile Ass'n*, 19 Cal. App. 4th 761, 770 (Cal. 1993).

Here, defendants move to dismiss plaintiffs' claim for promissory estoppel for the same arguments identified in plaintiffs' claim for fraud. The court has addressed defendants' arguments and found that plaintiffs have sufficiently alleged detrimental reliance. As such, the court finds that the allegations in the complaint are sufficient to establish a claim for promissory estoppel.

*///*
*///*
*///*
*///*
*///*

IT IS THEREFORE ORDERED that defendant's motion to dismiss (Doc. #40) is GRANTED in-part and DENIED in-part. Defendants GMAC Mortgage, LLC; Executive Trustee Services, LLC; Illeanna Peterson; and Kathleen Gowen are DISMISSED as defendants as to plaintiffs' sixth cause of action for tortious breach of the covenant of good faith and fair dealing and seventh cause of action for breach of the covenant of quiet enjoyment.

IT IS SO ORDERED.

DATED this 14th day of December, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE