THOMAS P. BEKO, ESQ. (#002653)
99 West Arroyo Street
P.O. Box 3559
Reno, Nevada 89505
Telephone: (775) 786-3930
*Attorneys for Plaintiffs*

```
              FILED          RECEIVED
   ✓          ENTERED        SERVED ON
                     COUNSEL/PARTIES OF RECORD

              AUG 2 2 2011

              CLERK US DISTRICT COURT
                DISTRICT OF NEVADA
   BY: _____ DEPUTY
```

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA - RENO DIVISION

PAMELA D. LONGONI,
individually and as Guardian Ad
Litem for LACEY LONGONI,
and JEAN M. GAGNON,

        Plaintiffs,

vs.

GMAC MORTGAGE, LLC., a Delaware Limited Liability Company, EXECUTIVE TRUSTEE SERVICES, LLC., a Delaware Limited Liability Company, RESIDENTIAL FUNDING COMPANY, LLC., a Delaware Limited Liability Company, fka RESIDENTIAL FUNDING CORPORATION, a Delaware Corporation ILLEANNA PETERSON, KATHLEEN GOWEN, individuals, DOES 1-10; BLACK AND WHITE CORPORATIONS 1-10, corporations; ABLE & BAKER COMPANIES 2-10, co-partnerships and or limited liability companies,

        Defendants.

Case No.: 3:10-CV-00297-LRH-(VPC)

## JOINT CASE MANAGEMENT REPORT #7

COMES NOW, Plaintiffs PAMELA D. LONGONI, individually and as Guardian Ad Litem for LACEY LONGONI and JEAN GAGNON, by and through their attorneys, Erickson, Thorpe & Swainston, Ltd., and Thomas P. Beko, Esq., and Defendants GMAC MORTGAGE, LLC, EXECUTIVE TRUSTEE SERVICES, LLC, RESIDENTIAL

1  FUNDING CORPORATION, ILLEANNE PETERSON and KATHLEEN GOWEN, by and
2  through their attorneys Bradley Arant Boult Cummings LLP, and David Hill Bashford, Esq.,
3  and hereby submit the following Joint Case Management Report #7.

4  Pursuant to Minute Order (Doc #80), the parties previously submitted a proposed
5  Amended Discovery Plan and Scheduling Order.  Minute Order #80 also instructed the
6  parties to provide the Court with a date certain within which the plaintiffs will file their Third
7  Amended Complaint. *See,* ¶ 5.

8  Pursuant to Minute Order #80, the plaintiffs will file their Third Amended Complaint
9  on or before **September 12, 2011**. The plaintiffs seek a period of 30 days in order to file said
10 pleading because they are now considering whether to include wrongful foreclosure claims
11 (which have as their basis the claimed absence of authority to commence non-judicial
12 foreclosure actions because of the fact that the Promissory Note was severed away from the
13 Deed of Trust).  As this Court is aware, the defendants previous discovery responses
14 indicated that the Promissory Note had been held by existing parties. If this representation
15 had been correct, no such claim would lie. Recently, however, the defendants revealed that
16 the subject Promissory Note had been "securitized" and as such was actually held by a
17 separate trust.

18  In light of this new information, the plaintiffs need time to carefully review the
19 extensive agreements which were produced by the defendants, and to conduct legal research
20 to determine whether said trust must also be named as a party defendant.

21  Counsel for the exiting defendants has indicated that he will be defending Residential
22 Asset Mortgage Products, Inc., and he has agreed to accept service of process on behalf of
23 //
24 //
25 //
26 //
27 //
28 //

1  said entity.

2  DATED this 10th day of August, 2011

3  ERICKSON, THORPE & SWAINSTON, LTD.
   99 W. Arroyo Street
4  P.O. Box 3558
   Reno, Nevada 89505

6  By   /s/ Thomas P. Beko, Esq.
       THOMAS P. BEKO, ESQ.
7      Attorneys for Plaintiff

8  DATED this 10th day of August, 2011

10 BRADLEY ARANT BOULT CUMMINGS LLP
   100 N. Tyron Street, Suite 2690
11 Charlotte, NC 28202

13 By   /s/ David Hill Bashford, Esq.
       DAVID HILL BASHFORD, ESQ.
14     Attorney for Defendants

IT IS SO ORDERED

U.S. MAGISTRATE JUDGE

DATED: August 22, 2011

3